NO. 07-06-0197-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 25, 2006



______________________________



IN RE MICHAEL LOU GARRETT, RELATOR


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Michael Lou Garrett, acting pro se, petitioned for a writ of mandamus asking us to
order respondent, the district clerk of Potter County, to forward him a copy of the dismissal
order entered in his lawsuit against Darryl E. Glenn, et al. in cause number 94,029-A,
Potter County, Texas. Garrett, who is incarcerated, alleges that he requested a copy of
the dismissal order after receiving notice from the Potter County District Clerk that the
cause had been dismissed on March 30, 2006. So too does he allege that he needs a
copy of the order to effectively prosecute an appeal now pending with this court. Why the
copy of the dismissal order that will be included in the appellate record will not suffice goes
unmentioned. Nonetheless, we have attached a copy of the particular degree to this
opinion for Garrett's perusal and overrule the petition for writ of mandamus as moot. 

 Per Curiam 



icial Court Reporter for the 252nd District Court, that the record had not been
filed. Ms. Anderson responded with a request for extension of time which was granted to
October 14, 2003. A second request due to a lengthy capital murder record and a third
request due to hand surgery in November were granted to December 1, 2003, and January
9, 2004, respectively.

 Pending before this Court is Ms. Anderson's fourth request for an extension of time
by which she seeks an additional 90 days due to a backlog in her caseload and the
November hand surgery. The fourth request is denied and Ms. Anderson has until
Monday, March 1, 2004, in which to file the complete reporter's record.

 Accordingly, we order Jami Anderson, Official Court Reporter for the 252nd District
Court of Jefferson County, to transcribe and file with the Clerk of this Court a reporter's
record as required by the Texas Rules of Appellate Procedure encompassing cause
number 87522. The record shall include all argument, evidence, and exhibits presented
to the court during trial, as well as any pretrial and post-trial hearings conducted in said
cause. We further order Ms. Anderson to file the reporter's record in a manner by which
it will actually be received by the Clerk of this Court on or before 5:00 p.m. on Monday,
March 1, 2004. No further motions for extension of time will be considered.

 Failure to file the reporter's record as directed by this Court's order will result in one
or more of the following:


 a hearing requiring Jami Anderson to show cause why she should not
be held in contempt;
 a complaint to the Court Reporter's Certification Board;
 appropriate sanctions; or
 abatement to the trial court for appropriate action.


 

 It is so ordered.

 Per Curiam

Do not publish.